### LANT v. KINNE et al.

(Circuit Court of Appeals, Sixth Circuit. July 8, 1896.)

No. 394.

1. CONSOLIDATION OF CAUSES.

Under Rev. St. U. S. § 921, it is proper to consolidate an equity suit brought in aid of an attachment, and one to restrain the enforcement of such attachment by execution, and to make the bill in the latter a cross bill in the former.

2. EXECUTORS AND ADMINISTRATORS.

Under the Michigan statutes, where property is in the possession of executors as a part of their testator's estate, adversary proceedings against the property as belonging to another, by an attaching creditor of the latter to satisfy the judgment, may be had in a court of equity with recourse to the probate court under whose direction the executors discharge their functions.

Appeal from the Circuit Court of the United States for the Southern Division of the Eastern District of Michigan.

Jasper Gates, for appellant.

S. T. Douglas, for appellees.

Before TAFT and LURTON, Circuit Judges, and HAMMOND, J.

TAFT, Circuit Judge. This is another phase of the controversy set forth at large and discussed in the case, just decided, of Lant v. Manley, 75 Fed. 627. The bill in the court below was filed by Kinne & Johnson, executors of the estate of Lucy W. S. Morgan, to enjoin the enforcement by execution of the same attachment lien upon the lands in the possession of Kinne & Johnson as such executors, considered in Lant v. Manley, and to remove the cloud upon their title caused by the attachment and levy. The bill avers that the lands attached were conveyed by E. W. Morgan, against whom Lant, Sr.'s, judgment was rendered, to Lucy W. S. Morgan, in 1874, for full consideration, and that from that time until her death, in 1887, Lucy W. S. Morgan remained in possession and enjoyment of the same; that after her death the complainants, with Franklin L. Parker, became seised of the property as executors and trustees duly qualified under her will, which was probated in Washtenaw county, Mich., and that they are the true owners of the same, in their trust capacity; and that Elijah W. Morgan and his creditors had no interest in the same during his lifetime after 1874, and neither his representatives nor his creditors have any interest therein since his death. By his answer, Lant, Sr., denied that E. W. Morgan had conveyed the real property attached, to Lucy W. S. Morgan, for a full consideration, and made as part of his answer the averments of his bill filed in the suit of Lant v. Manley, in which we have just pronounced judgment on ap-

peal. No replication to the answer was filed by the complainant, and the record does not disclose that any proof was taken. In this condition of the record, the following decree was entered:

"This cause, coming on for hearing, was argued by counsel for the respective parties; and it being admitted by complainant that the property described in complainant's bill was conveyed by Elijah W. Morgan to Lucy W. S. Morgan, and that the title of record of said property stood in the name of said Lucy W. S. Morgan at the time of her decease, and that the said property was at the time of the levy of the attachment and execution, in said bill mentioned, made thereon, in the possession of said Edward D. Kinne, Otis C. Johnson, and Franklin L. Parker, as executors and trustees of the last will and testament of said Lucy W. S. Morgan, deceased, and held and hold the same under letters testamentary issued out of the probate court for the county of Washtenaw; and the court being of opinion that by reason of said conveyances, and the possession of said property as aforesaid by said Kinne and Johnson and Parker as such executors and trustees as aforesaid, that the levy of said attachment and execution was illegal, null, and void: It is ordered, adjudged, and decreed that the levy of said writ of attachment, with the levy of execution in said cause, be, and the same is hereby, vacated and set aside and held for naught, and that the said complainant shall forthwith cancel and discharge the same of record in the office of the register of deeds of Washtenaw county, and that in default thereof this decree shall stand and avail as a discharge and release thereof, and that the complainant recover costs to be taxed."

This mode of disposing of a case not at issue on the proof, and not set down for hearing on bill and answer, is quite anomalous. The anomaly arose, doubtless, from the circumstance that the court below treated this cause and the Manley suit as one controversy, as in fact they were, and thus the defects in this record escaped attention. We think that the two actions should be consolidated, and that the bill below should be treated as a cross bill in the Manley suit. Rev. St. U. S. § 921; Evans v. Evans, 23 N. J. Eq. 180; Conover v. Conover, 1 N. J. Eq. 404. We do not deem it necessary, however, to base our ruling on the irregularity of practice, because it is apparent from an examination of the decree that it rests on a view of the law which in the case just decided we have held to be erroneous. The relief was granted on the theory that because the executors of Lucy W. S. Morgan were in possession of the land in question, claiming under her title, and acting under orders of the probate court of Washtenaw county, no attachment could be levied thereon, as the property of E. W. Morgan, out of the United States court. We have discussed this question at some length in the case just decided, and have pointed out that such an adversary proceeding against executors and administrators is expressly permitted by the statutes of Michigan. The decree is erroneous, and must be reversed, and the cause remanded for further proceedings.